# WRITTEN CONSENT OF THE GENERAL PARTNER OF
# TRIDIMENSION ENERGY, L.P.

May 21, 2010

The undersigned (the "General Partner"), being the sole general partner of TriDimension Energy, L.P., a Delaware limited partnership (the "Partnership"), acting pursuant to Section 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, hereby adopts, by written consent, the following resolutions:

## Forbearance Agreement and New Mortgages

WHEREAS, the Partnership, TDE Property Holdings, LP, a Louisiana partnership in commendam ("Property Holdings"), Axis E&P, LP, a Louisiana partnership in commendam ("E&P"), Axis Onshore, LP, a Louisiana partnership in commendam ("Onshore"), Axis Marketing, LP, a Louisiana partnership in commendam ("Marketing"), and Ram Drilling, LP, a Louisiana partnership in commendam ("Ram" and together with Property Holdings, E&P, Onshore and Marketing, the "Guarantors"), have entered into that certain Loan Agreement dated April 23, 2008, by and among the Partnership, the Guarantors, Amegy Bank National Association, as agent (in such capacity, "Agent") and as a lender, and certain other financial institutions from time to time party thereto (the "Banks"), as amended by the First Amendment dated May 28, 2008, the Second Amendment dated August 15, 2008, the Third Amendment dated October 31, 2008, the Fourth Amendment dated April 23, 2009, and the Fifth Amendment dated May 26, 2009 (as amended, the "Loan Agreement");

WHEREAS, all parties to the Loan Agreement desire to amend the Loan Agreement in certain respects, all on the terms set forth in that certain Sixth Amendment to Loan Agreement, Omnibus Amendment and Forbearance Agreement (the "Forbearance Agreement") pursuant to which, among other things, the Banks and Hedge Providers (as defined in the Loan Agreement) have agreed to forebear from exercising rights and remedies with respect to any Collateral (as defined in the Loan Agreement) under any Security Documents (as defined in the Loan Agreement) for the Forbearance Period (as defined in the Forbearance Agreement);

WHEREAS, in consideration for and in connection with the Forbearance Agreement, the Partnership and the Guarantors, as applicable, have agreed, among other things, to enter into additional mortgages and deeds of trust (the "New Mortgages", together with the Forbearance Agreement and any and all other instruments, certificates, agreements or documents which the Banks or Agent shall so require, the "Forbearance Documents") pursuant to which the Partnership and the Guarantors shall grant a security interest in any and all of their oil and gas properties and leasehold interests not already granted in favor of the Banks prior to the Forbearance Agreement; and

WHEREAS, the General Partner, has been advised of the material terms of the Forbearance Documents and has determined that it is in the best interests of the Partnership to enter into the Forbearance Documents.

1

RESOLVED that any officer of the Partnership and any officer of the General Partner acting on behalf of the General Partner in its capacity as the general partner of the Partnership (the "Authorized Officers") be, and each (acting alone) is hereby authorized, empowered and directed to, in the name and on behalf of the Partnership, negotiate such terms and conditions for the Forbearance Documents as any of said officers may deem best, and to execute and deliver for and on behalf of the Partnership the Forbearance Documents and such other instruments or written obligations of the Partnership as may be desired or required by the Agent or the Banks in connection with the Forbearance Documents and containing such terms and conditions as may be acceptable or agreeable to any of said officers, such acceptance and agreement to be conclusively evidenced by any of said officers' execution and delivery thereof;

FURTHER RESOLVED, that the Authorized Officers are authorized and empowered to do or cause to be done all such acts or things and to sign and deliver, or cause to be signed and delivered, all such other documents, instruments and certificates, including, without limitation, mortgages of all oil and gas properties and leasehold interests owned by the Partnership, in the name and on behalf of the Partnership, as said officer, in his or her discretion, may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and the Forbearance Documents and to perform the obligations of the Partnership under all instruments and agreements executed on behalf of the Partnership in connection with the Forbearance Documents as authorized by these resolutions;

FURTHER RESOLVED, that the execution by any of the Authorized Officers of any document authorized by the foregoing resolutions, or any document executed in the accomplishment of any action or actions so authorized, is (or shall become upon delivery) the enforceable and binding act and obligation of the Partnership, without the necessity of the signature or attestation of any other officer of the General Partner; and

FURTHER RESOLVED, that all acts, transactions, or agreements undertaken prior to the adoption of these resolutions by any of the Authorized Officers with the Agent or the Banks in connection with the foregoing matters are hereby ratified, confirmed and adopted by the General Partner as the act and deed of the Partnership.

## Chapter 11 Bankruptcy Filing

WHEREAS, having studied the financial state of the Partnership and the related circumstances and situation, the General Partner has determined that it is in the best interests of the Partnership to file with a federal bankruptcy court a voluntary petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as set forth below; such determination having been made in the exercise, in the view of the General Partner, of such duties as the General Partner may owe to creditors or equity holders of the Partnership.

RESOLVED, that the Partnership be, and hereby is, authorized to file with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") a voluntary petition, on the Partnership's behalf, pursuant to chapter 11 of the Bankruptcy Code as set forth in these resolutions;

FURTHER RESOLVED, that the Authorized Officers be, and each (acting alone) hereby is, authorized and empowered to execute, deliver and file or cause to be filed with the Bankruptcy Court within thirty days of the date hereof a voluntary petition on behalf of the Partnership pursuant to chapter 11 of the Bankruptcy Code (the "Petition"), in such form as prescribed by the Official Forms promulgated in connection with the Bankruptcy Code;

FURTHER RESOLVED, that, upon the filing of a Petition as authorized by the preceding paragraph, the Authorized Officers be, and each (acting alone) hereby is, authorized and empowered to execute and deliver and file or cause to be filed with the Bankruptcy Court, on behalf of the Partnership, all papers and pleadings necessary or convenient to facilitate the chapter 11 bankruptcy case and all of its matters and proceedings, and any and all other documents, including affidavits, necessary or appropriate in connection with the commencement of the chapter 11 case, each in such form or forms as the Authorized Officer so acting may approve;

FURTHER RESOLVED, that the Authorized Officers be, and each (acting alone) hereby is, authorized and empowered to execute and deliver and file or cause to be filed with the Bankruptcy Court, on behalf of the Partnership, and to pursue (i) all papers and pleadings necessary or convenient to effect, cause, or promote the Partnership's reorganization under chapter 11 of the Bankruptcy Code and any and all other documents, including a Plan of Reorganization (the "Plan") providing for the restructuring, reorganization, or liquidation of the Partnership, and a Disclosure Statement for the Plan, together with any amendments or modifications thereto, or any restatements thereof; (ii) all papers and pleadings necessary or convenient to effect, cause, or promote a sale of the Partnership or all or substantially all of its assets, together with any amendments or modifications thereto, or any restatements thereof; and (iii) such affidavits or oral testimony necessary or appropriate in connection therewith, each in such form or forms as the Authorized Officer so acting may approve;

FURTHER RESOLVED, that the Partnership, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, is authorized to operate its business; use, sell or lease its property and cash; assume or reject unexpired leases and executory contracts; to incur post-petition indebtedness; pursue claims and causes of action; object to claims; enforce the automatic stay; provide assurance to utilities; engage professionals to assist the Partnership; as may be approved by an Authorized Officer from time to time and as such Authorized Officer may determine to be necessary or appropriate;

FURTHER RESOLVED, that the engagement of Stephens, Inc., as investment banking advisor, FTI Consulting, Inc., as financial advisor, and the law firms of Vinson & Elkins LLP, as general counsel, and Ottinger Hebert, L.L.C., as special counsel, in the representation of the Partnership as debtor and debtor in possession, prior to and in any case commenced by the Partnership under the Bankruptcy Code, and in all matters arising in connection therewith, is hereby approved, and each Authorized Officer be, and hereby is, authorized and empowered to retain such other attorneys, advisors, accountants, consultants or other professionals on behalf of the Partnership as the Authorized Officer so acting may determine to be necessary or appropriate;

FURTHER RESOLVED, that each Authorized Officer be, and each (acting alone) hereby is, authorized and empowered to take or cause to be taken any and all such further action, to execute and deliver any and all such further instruments and documents and to pay all such fees and expenses, as the Authorized Officer so acting shall deem appropriate in his or her judgment to fully carry out the intent and accomplish the purposes of these resolutions;

FURTHER RESOLVED, that each Authorized Officer be, and each (acting alone) hereby is, authorized, on behalf of the Partnership, to certify and attest to any documents which he or she may deem necessary or appropriate to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents; and

FURTHER RESOLVED, that all actions heretofore taken by the Authorized Officers, in the name of and on behalf of the Partnership, in connection with any of the above matters are hereby in all respects ratified, confirmed, and approved.

**General Actions**

RESOLVED, that the Authorized Officers be, and each (acting alone) hereby is, authorized, empowered and directed, for and on behalf of the Partnership, to do and perform all such acts and things and enter into, execute, acknowledge, deliver and file all such certificates, agreements, acknowledgments, instruments, contracts, statements and other documents and to take such further actions as they may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions with the taking of any such action by any Authorized Officer, as well as any other actions authorized by the foregoing resolutions, being conclusive evidence that same did meet such standards as set forth above;

FURTHER RESOLVED, that the Authorized Officers be, and each (acting alone) hereby is, authorized, empowered and directed, for and on behalf of the Partnership, to make such modifications to, additions to, deletions from, or changes to the above referenced documents (the "Documents") as such Authorized Officer or Authorized Officers may deem necessary, appropriate, or advisable and in the best interests of the Partnership, with the execution and delivery of the Documents by such Authorized Officer or Authorized Officers being conclusive evidence that same did meet such standards as set forth above; and

FURTHER RESOLVED, that any and all actions taken by any Authorized Officer prior to the date of adoption of the foregoing resolutions which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as a duly authorized act of the Partnership in all respects and for all purposes.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the undersigned has executed this consent to be effective as of the date first written above.

                                              **TDE OPERATING GP LLC**

                                      By: _____
                                                 Jason Downie,
                                                 Executive Vice President