R. Michael Farquhar – SBT # 06828500
Elisabeth A. Wilson  – SBT # 24056896
**WINSTEAD PC**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone:  (214) 745-5400
Fax:     (214) 745-5390

**ATTORNEYS FOR PRYME LAKE
EXPLORATION, LLC**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | | |
| **TRIDIMENSION ENERGY, LP.,** *et al,* § | **Case No. 10-33565-sgj** | |
| § | | |
| **Debtors.** § | **Joint Administration Requested** | |

**EMERGENCY MOTION TO APPROVE FARMOUT AGREEMENT**

**TO THE HONORABLE JUDGE STACEY G. JERNIGAN, U.S. BANKRUPTCY JUDGE:**

Pryme Lake Exploration, (hereinafter "Pryme") a party-in-interest in this case, files this *Emergency Motion to Approve Farmout Agreement* (the "Motion") and respectfully states the following:

**I.     Preliminary Statement**

1.    Pryme seeks this Court's approval of a Farmout Agreement between Pryme and TriDimension Energy, LP (hereinafter "TriDimension" or "Debtor") pursuant to the terms of the joint operating agreement between Pryme and the Debtor. Pryme seeks this on an emergency basis as the leases in question are located in Lake Catahoula, La Salle Parish, Louisiana. This lake is unusual in that the U.S. Army Corp of Engineers and U.S. Fish and Wildlife drain this lake every summer as part of a plan to maximize the habitat for migratory waterfowl. The well to be drilled has to be drilled from a barge in the lake. Once the lake is drained, the drilling barge can not navigate the lake to the location for the well so the barge must be in place prior to the

draining of the lake, which begins on approximately July 1st. It will take approximately 30 days to drill and complete the well. Prior to the filing of this case, drilling was scheduled to begin on May 26th, 2010.

## II. Jurisdiction and Venue

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. Factual and Procedural Background

3. Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 21, 2010. The Debtors' business involves the acquisition, development, exploration, production, and sale of oil and natural gas.

4. Debtor sold to Pryme in December 2009 a 50% interests in certain leases located in the Lake Catahoula Field, La Salle Parish, Louisiana pursuant to a Bill of Sale and Assignment. As part of the transaction the Debtor and Pryme entered into a Joint Operating Agreement ("JOA") covering the operation of the leases.

5. Pursuant to the terms of the JOA, either party can propose the drilling of a well. If the counter party elects to participate expenses are shared pro rata. If either party elects to not participate, the other party is entitled to drill the well, bearing the expenses. The non-electing party may also elect to participate in the well completion at Casing Point, when they would be liable for completion costs, and their interest in the revenue stream would be reduced.

6. Pursuant to the JOA Pryme notified the Debtor of the intent to drill a well on March 31, 2010. The Debtor had 15 days to consent or decline. In the event the Debtor did

neither within 15 days, pursuant to the JOA, it is deemed a non-consent. The Debtor did not respond, and therefore non-consented

7. After the Debtor's non-consent, Pryme began preparations to drill the proposed well. One of the provisions of the JOA is that if the Debtor non-consents:

> "Notwithstanding anything contained in Article VI.B.2.(b) to the contrary, it is specifically understood and agreed that, should a party elect not to participate in an operation proposed under Article VI.B.1, then, in such event, *the Non-Consenting Party shall farmout its interest in the well to the Consenting Parties in the proportions in which they have so elected under the terms of Article VI.B.2(a). The farmout agreement shall be in a form mutually agreed to by the parties and shall provide that the Non-Consenting Party will be carried without charge at a proportionate 12.5% interest to "Casing Point"* (as hereinafter defined). Upon reaching "Casing Point," and subject to the notice provisions and timeframes provided for in Article VI.C.1, the Non-Consenting Party shall elect to participate in the completion of the well or thereafter forfeit its interest therein, which interest shall then revert back to the Consenting Parties in the proportions provided for hereinabove. (*emphasis added*);"

8. Pryme, through its counsel, submitted a proposed farmout agreement, however no comments were received regarding this proposed agreement prior to this case being filed.

9. Pryme and the Debtor represented to this Court at the hearing held on May 25th that the farmout agreement could be completed by close of business on Wednesday, May 25, 2010.

### IV.    Argument and Authorities

**A.    LEGAL STANDARD**

10. Pursuant to 11 U.S.C. § 365 terms of a contract are not generally enforceable against a debtor prior to assumption of the contract, *In Re Travelot*, 286 B.R. 462 (Bankr. S.D. Ga. 2002), it has long been held that "If the debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor in possession is obligated to pay the reasonable value of those services," (citation omitted), which depending on the circumstances of a particular contract, may be what is

specified in the contract," *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. at 531, 104 S.Ct 1188 (1984). What the Debtor is getting here is what it negotiated, a "free look" at this well, without incurring any responsibility for the drilling costs. The parties negotiated that in exchange for this, they would execute a farmout agreement providing for the ability to buy back into a portion of production by paying completion costs. As noted in Bildisco the appropriate price is what the contract provides. The Debtor should execute a farmout agreement to get the benefit of opting back in depending on the Debtor's view of the relative merit of the results of drilling.

B.  **PRYME IS ENTITLED TO APPROVAL OF THE FARMOUT AGREEMENT ON AN EMERGENCY BASIS**

11.     As set forth more fully above, time is of the absolute essence in this matter. To allow the drilling of this well, approval of the farmout agreement must occur this week if Pryme is to be able to drill the well before the lake is drained in July. Pryme will provide a copy of the agreed farmout agreement prior to commencing the hearing scheduled for Thursday, May 27, 2010 at 2:00 p.m.

## V.    Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED**, Pryme Lake Exploration, LLC respectfully requests that this Court approve the Farmout Agreement and grant Plaintiffs such additional relief to which it may be entitled.

    Respectfully submitted,

    **WINSTEAD PC**
    5400 Renaissance Tower
    1201 Elm Street
    Dallas, Texas  75270-2199
    (214) 745-5400
    (214) 745-5390 (Facsimile)

    By:  */s/ R. Michael Farquhar*
        R. Michael Farquhar – SBT # 06828500
        Elisabeth A. Wilson – SBT # 24056896

ATTORNEYS FOR PRYME LAKE
EXPLORATION, LLC

## Certificate of Conference

This is to certify that on May 26, 2010, the undersigned conferred with opposing counsel about the relief sought in this Motion. Due to the expedited nature of the relief sought in this Motion, the Debtor has not decided if it will oppose the requested relief.

*/s/ R. Michael Farquhar*
R. Michael Farquhar

## Certificate of Service

This is to certify that on May 26, 2010, a true and correct copy of this document was served upon counsel for Debtor and the U.S. Trustee by electronic mail. Furthermore, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

*/s/ R. Michael Farquhar*
R. Michael Farquhar

Dallas_1\5523882\3
999993-1785 5/26/2010

**EMERGENCY MOTION TO APPROVE FARMOUT AGREEMENT**             **Page 5**