Richard M. Roberson (TX 16993800)
Holland Neff O'Neil (TX 14864700)
Michael S. Haynes (TX 24050735)
Andrew G. Spaniol (TX 24063012)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>TRIDIMENSION ENERGY, L.P., *et al.*,<br><br>DEBTORS. | Chapter 11<br><br>Case No. 10-33565-SGJ-11<br>(Jointly Administered)<br><br>Hearing Date: October 13, 2010<br>Time: 1:30 p.m. |

**CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7**

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its undersigned counsel, hereby conditionally (i) objects to the *Debtors' Emergency Motion for Order (A) Authorizing the Debtors to Continue Use of Cash Collateral, (B) Authorizing the Debtors to Obtain Additional Post-Petition Financing, and (C) Granting Related Relief* (the "**DIP II Motion**") filed by the Debtors and (ii) moves for conversion of these Cases to chapter 7, and would respectfully state as follows:

CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE
DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN
ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO
CONVERT CASES TO CHAPTER 7 - Page 1

DALLAS 2170614v.1

## PRELIMINARY STATEMENT

1. The Debtors have been operating in chapter 11 for approximately five months. Since that time, the Debtors have incurred administrative expense obligations of $6,750,000, and are requesting authority to incur additional administrative expense obligations of $650,000 (all of which will be used to pay professional fees, loan fees, and expenses of the secured lenders between October 1, 2010, and November 30, 2010). Since the commencement of these Cases, the Debtors have been marketing their assets in furtherance of an auction process to liquidate those assets.

2. As a condition to the Debtors receiving authority to incur additional debt on an interim basis, the order approving the DIP II Motion on an interim basis provides that the Debtors' authority to incur additional debt and use cash collateral terminates immediately upon written notice if the Debtors have not filed a motion to approve a "stalking horse" by October 15, 2010.

3. Arguably, the Debtors' lenders have the authority to waive any default caused by a failure to file a motion to approve a stalking horse and bid procedures on or before October 15, 2010. The Committee conditionally objects to the DIP II Motion to the extent it allows the continued use of cash collateral and incurrence of additional secured financing in the absence of such a motion, and conditionally requests conversion of these Cases to chapter 7 in the event such a motion, with a fully executed purchase agreement and fully funded deposit, is not filed on or before October 18, 2010, at 9:00 a.m.

**CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7 - Page 2**

DALLAS 2170614v.1

# I.
# BACKGROUND

4. On May 21, 2010 (the "**Petition Date**"), the Debtors[1] each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned bankruptcy cases (the "**Cases**"). The Debtors continue to manage and operate their business and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On June 2, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. §1102(a)(1). The Committee retained the undersigned counsel to represent it.

6. On June 29, 2010, this Court authorized the Debtors to borrow, on a final basis, up to $6,750,000 pursuant to the *Agreed Final Order Authorizing Use of Cash Collateral, Authorizing Credit Secured By Senior Liens, and Granting Adequate Protection to Existing Lienholders* [Docket No. 184] (the "**DIP I Order**"). Upon information and belief, the entirety of the $6.75 million of administrative expenses has been incurred.

7. On September 24, 2010, the Debtors requested authority to incur an additional $650,000 pursuant to the DIP II Motion.

# II.
# CONDITIONAL OBJECTION TO THE DIP II MOTION AND REQUEST TO CONVERT TO CHAPTER 7

8. The Debtors have been working toward a sale of substantially all their assets since the commencement of these Cases in late May 2010. During that time, the Debtors have

---

[1] The Debtors are the following entities: TriDimension Energy, L.P.; TDE Property Holdings, LP; Axis E&P, LP; Axis Onshore, LP; Axis Marketing, LP; Ram Drilling, LP; TDE Subsidiary GP LLC; and TDE Operating GP LLC.

CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7 - Page 3

DALLAS 2170614v.1

incurred $6.75 million in secured financing of which has been for (a) professional fees and (b) adequate protection payments to the Debtors' secured lenders (the "**Lenders**").

9. On October 1, 2010, the Court entered an order approving the DIP II Motion on an interim basis (the "**Interim DIP II Order**"). The Committee consented to entry of the Interim DIP II Order to allow (a) the Debtors an additional two weeks to file a motion to approve a stalking horse bid and procedures for conducting a sale of the Debtors' assets (a "**Bid Procedures Motion**") and (b) the Committee and the Lenders an opportunity to reach an agreement as to the extent of the Lenders' secured claims and a structure for a liquidating chapter 11 plan. To date, a Bid Procedures Motion has not been filed and no agreement has been reached between the Committee and the Lenders. In fact, the deadline for the Committee or other parties in interest to challenge the liens of the Lenders currently expires on October 27, 2010.

10. Related to the sale process, the Interim DIP II Order contains the following events of default that will result in immediate termination of the Debtors' authority to use cash collateral:

(a) the Debtors shall fail to file a motion seeking an order or orders of this Court approving both a "stalking horse" bidder and bid procedures for the sale of substantially all of their respective assets on or prior to October 15, 2010;

(b) the Debtors shall fail to obtain an order of this Court approving the "stalking horse" and bid procedures for the sale of substantially all of their respective assets on or prior to October 25, 2010; and

(c) the Debtors shall fail to obtain an order of this Court approving the sale of substantially all of tier assets (a "<u>Sale</u>") on or prior to November 19, 2010.

Interim DIP II Order, ¶ 10(xvi)-(xviii).

**CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7 - Page 4**

DALLAS 2170614v.1

11. As stated above, despite the efforts of all involved, no Bid Procedures Motion has been filed. The Committee believes a sale of the Debtors' assets, rather than a conversion to chapter 7, is preferred. However, the sale process has dragged on for almost five months. These Cases have reached a point in time in which the estates can no longer risk additional administrative expenses that result from a prolonged sale process. In short, the assets need to be sold quickly or these Cases must convert to chapter 7. Otherwise, the estates will be burdened with additional secured debt to the detriment of unsecured creditors.

12. The Committee is not willing to risk additional secured debt and administrative expense in the absence of an executed commitment by a stalking horse bidder to purchase the Debtors' assets pursuant to Court-approved bid procedures. Without such an immediate commitment, the incurrence of additional debt must stop and these Cases must convert.

13. In the event that the Debtors have (a) an agreement to sell their assets executed by a stalking horse bidder, (b) received a deposit from the stalking horse bidder, and (c) filed a Bid Procedures Motion, on or before 9:00 a.m. on October 18, 2010, the Committee withdraws this Objection. However, such conditions are not met by 9:00 a.m. on October 18, 2010, the Committee requests that the Court deny the DIP II Motion and immediately convert these Cases to chapter 7.

WHEREFORE, the Committee conditionally objects to the DIP II Motion and, if the Debtors have not (a) received an agreement to sell their assets executed by a stalking horse bidder, (b) received a deposit from the stalking horse bidder, and (c) filed a Bid Procedures Motion, on or before 9:00 a.m. on October 18, 2010, the Committee requests that the DIP II Motion be denied and these Cases converted to chapter 7. The Committee requests such other relief to which it may be justly entitled.

CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7 - Page 5

DALLAS 2170614v.1

DATED: October 19, 2010

                                    Respectfully submitted,

                                    **GARDERE WYNNE SEWELL, LLP**

                                    */s/Richard M. Roberson*
                                    Richard M. Roberson (TX 16993800)
                                    Holland Neff O'Neil (TX 14864700)
                                    Michael S. Haynes (TX 24050735)
                                    Andrew G. Spaniol (TX 24063012)
                                    1601 Elm Street, Suite 3000
                                    Dallas, Texas 75201-4761
                                    Telephone: 214.999.3000
                                    Facsimile: 214.999-4667

                                    *Counsel to the Official Committee*
                                    *of Unsecured Creditors*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, on October 19, 2010, served a true and correct copy of the foregoing document via electronic mail on those receiving ECF notices in this case.

                                    */s/ Michael S. Haynes*
                                    Michael S. Haynes

CONDITIONAL (I) OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO CONTINUE USE OF CASH COLLATERAL, (B) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POST-PETITION FINANCING, AND (C) GRANTING RELATED RELIEF, AND (II) MOTION TO CONVERT CASES TO CHAPTER 7 - Page 6

DALLAS 2170614v.1