William L. Wallander, SBT #20780750
Clayton T. Hufft, SBT #24056658
Bradley R. Foxman, SBT #24065243
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214-220-7700
Fax: 214-220-7716
bwallander@velaw.com; chufft@velaw.com;
bfoxman@velaw.com

**COUNSEL FOR THE LP DEBTORS[1]**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-33565-SGJ |
| TRIDIMENSION ENERGY, L.P., *et al.*, | § § § § | Chapter 11 |
| DEBTORS. | § § | Jointly Administered |

**MOTION FOR EXPEDITED HEARING ON MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT**

**TO THE HONORABLE STACEY G. C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:**

TriDimension Energy, L.P., TDE Property Holdings, LP, Axis E&P, LP, Axis Onshore, LP, Axis Marketing, LP, and Ram Drilling, LP (collectively, the "LP Debtors") hereby respectfully request that this Court set an expedited hearing on the Debtors' *Motion to (A)*

---

[1] The LP Debtors include TriDimension Energy, L.P., TDE Property Holdings, LP, Axis E&P, LP, Axis Onshore, LP, Axis Marketing, LP, and Ram Drilling, LP.

*Approve the Procedures for the Solicitation of Offers; (B) Approve the Form and Manner of Notice; (C) Approve Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; (D) Approve the Bid Protections and Procedures; and (E) Approve a Break-Up Fee in Connection with the Transaction Contemplated by the Purchase Agreement* [Dkt. No. 365] (the "Motion")[2] for **October 27, 2010 at 1:30 p.m., prevailing Central time**. The LP Debtors further request that this Court set an objection deadline of **October 25, 2010** at 4:00 p.m., prevailing Central time for the Motion.

Pursuant to the Motion, the Debtors have, among other things, requested that this Court (a) approve the Bid Protections, including the Break-Up Fee, (b) approve the Bid Procedures, (c) approve the Transaction Notice, (d) approve the Assumption Notice, (e) establish procedures for objections to the Sale Motion and for determining cure amounts in connection with the assumption and assignment of executory contracts and unexpired leases, (f) set a hearing on the Sale Motion, and (g) grant such other relief as is fair and equitable.

The LP Debtors assert that an expedited hearing on the Motion is necessary and appropriate under the circumstances. Pursuant to the *Second Amended Agreed Order Authorizing Use of Cash Collateral, Authorizing Credit Secured by Senior Liens, and Granting Adequate Protection to Existing Lienholders* [Docket No. 362] (as modified, supplemented, and amended, the "DIP Order"), this Court approved certain deadlines relating to the sale and reorganization process for the Debtors. Among other things, the DIP Order provides that the failure by the Debtors to file a motion for approval of bid procedures on or before October 15, 2010[3] and to obtain approval thereof on or before October 25, 2010[4] will constitute an Event of

---

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.
[3] The Agent to the Debtors' pre-petition and post-petition lenders (the "Agent") extended this deadline by agreement to October 19, 2010.

Default under the DIP Order. To adhere to this timeline, it is necessary for the Debtors to obtain an expedited hearing on the Motion.

The DIP Order also provides that the Debtors' failure to obtain an order of this Court approving the sale of substantially all of the Debtors' assets on or before November 19, 2010 shall also constitute an Event of Default under the DIP Order (the "<u>Sale Order Deadline</u>"). Approval of the Motion on an expedited basis, including the establishment of certain notice procedures and deadlines requested therein, is also necessary so that the Debtors may timely comply with the Sale Order Deadline.

Accordingly, the LP Debtors request that (i) an expedited hearing on the Motion be set for **October 27, 2010 at 1:30 p.m., prevailing Central time**, (ii) an objection deadline for the Motion be set for **October 25, 2010 at 4:00 p.m., prevailing Central time**, and (iii) the Court grant such other relief, both at law and in equity, to which they may be justly entitled.

---

[4] Counsel to the Agent stipulated on the record at the hearing held on September 30, 2010 that this date shall be subject to the Court's docket and availability.

Dated: October 19, 2010

        Respectfully submitted,

        */s/ Bradley R. Foxman*
        William L. Wallander, SBT #20780750
        Clayton T. Hufft, SBT #24056658
        Bradley R. Foxman, SBT # 24065243
        **VINSON & ELKINS LLP**
        Trammell Crow Center
        2001 Ross Avenue, Suite 3700
        Dallas, Texas 75201-2975
        Tel: 214.220.7700
        Fax: 214.220.7716
        bwallander@velaw.com; chufft@velaw.com;
        bfoxman@velaw.com

        **COUNSEL FOR THE LP DEBTORS**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2010, a copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Northern District of Texas on those parties receiving electronic notice by such system.

        */s/ Bradley R. Foxman*
        One of Counsel

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 19, 2010, I conferred with counsel to the Agent for the Pre-Petition Lenders and the Post-Petition Lenders and counsel to the Official Committee of Unsecured Creditors, and they each informed me that their respective clients do not oppose an expedited setting of the Motion. Counsel to the Agent for the Pre-Petition Lenders and the Post-Petition Lenders is still vetting the relief requested in the Motion with the banks and participating lender group, and counsel to the Official Committee of Unsecured Creditors is still evaluating the relief requested in the Motion.

.        */s/ Bradley R. Foxman*
        One of Counsel