Richard M. Roberson (TX 16993800)
Michael S. Haynes (TX 24050735)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
rroberson@gardere.com
mhaynes@gardere.com

COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>TRIDIMENSION ENERGY, L.P., *et al.*,<br><br>DEBTORS. | Chapter 11<br><br>Case No. 10-33565-SGJ-11<br>(Jointly Administered)<br><br>Hearing Date: October 27, 2010<br>Time: 1:30 p.m. |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT**

The Official Committee of Unsecured Creditors (the "**Committee**"), by and through its undersigned counsel, hereby files this limited objection (the "**Objection**") to the Debtors' *Motion to (A) Approve the Procedures for the Solicitation of Offers; (B) Approve the Form and Manner of Notice; (C) Approve Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases; (D) Approve the Bid Protections and Procedures; and (E)*

*Approve a Break-Up Fee in Connection with the Transaction Contemplated by the Purchase Agreement* (the "**Bid Procedures Motion**"), and would respectfully state as follows:

# I.
# BACKGROUND

1. On May 21, 2010 (the "**Petition Date**"), the Debtors[1] each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing the above-captioned bankruptcy cases (the "**Cases**"). The Debtors continue to manage and operate their business and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On June 2, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102(a)(1). The Committee retained the undersigned counsel to represent it.

3. On June 29, 2010, this Court authorized the Debtors to borrow, on a final basis, up to $6,750,000 pursuant to the *Agreed Final Order Authorizing Use of Cash Collateral, Authorizing Credit Secured By Senior Liens, and Granting Adequate Protection to Existing Lienholders* [Docket No. 184] (the "**DIP I Order**"). Upon information and belief, the entirety of the $6.75 million of administrative expenses has been incurred.

4. On September 24, 2010, the Debtors requested authority to incur an additional $650,000 pursuant to the *Debtors' Emergency Motion for Order (A) Authorizing the Debtors to Continue Use of Cash Collateral, (B) Authorizing the Debtors to Obtain Additional Post-Petition Financing, and (C) Granting Related Relief* (the "**DIP II Motion**"). The DIP II Motion was

---

[1] The Debtors are the following entities: TriDimension Energy, L.P.; TDE Property Holdings, LP; Axis E&P, LP; Axis Onshore, LP; Axis Marketing, LP; Ram Drilling, LP; TDE Subsidiary GP LLC; and TDE Operating GP LLC.

LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT - Page 2
DALLAS 2177006v.1

approved on interim basis pursuant to orders entered by the Court on October 1, 2010 [Docket No. 333] and October 19, 2010 [Docket No. 362].

5. On October 19, 2010, the Debtors filed the Bid Procedures Motion [Docket No. 365] and the *Motion for an Order Authorizing (A) the Sale of the Debtors' Right, Title and Interest In, To and Under Substantially All of the Debtors' Assets Free and Clear of Claims, Encumbrances, Liens, and Interests, (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Related Relief* [Docket No. 368] (the "**Sale Motion**").

6. Pursuant to the Bid Procedures Motion and Sale Motion, the Debtors' propose to sell substantially all of their assets pursuant to an auction process. Unless the Debtors' receive a bid higher than that of the proposed stalking horse bidder, the Debtors' are requesting authority to sell substantially all of their assets for approximately $28 million (the "**Stalking Horse Bid**"). It is anticipated that the Debtors will conduct an auction on November 16, 2010, and seek approval of a sale of their assets for $28 million (or such higher or better offer received at the auction) at a hearing on November 17, 2010.

## II.
## LIMITED OBJECTION TO BID PROCEDURES MOTION

7. The procedures proposed in the Bid Procedures Motion (the "**Bid Procedures**") provide that any prospective bidder must, among other things, submit a bid at least $1,250,000 higher than the Stalking Horse Bid. *See* Bid Procedures Motion, Ex. B, pg. 5, ¶ (a). Under the terms proposed in the Bid Procedures Motion, however, the "break-up fee" to be paid to the stalking-horse bidder in the event it is outbid at an auction is $750,000. *See* Bid Procedures Motion, Ex. B, pg. 8. Therefore, the Bid Procedures, not the Stalking Horse Bid, require a prospective bidder to bid at least $500,000 higher than the sum of the Stalking Horse Bid and

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT - Page 3**
DALLAS 2177006v.1

break-up fee. The Committee asserts that the $500,000 additional sum that must be bid is unnecessarily high and may chill bidding. The Committee asserts that a lesser amount (e.g., $250,000) is more appropriate. Accordingly, the Committee objects to the Bid Procedures Motion to the extent it requires a prospective bidder to bid at least $1,250,000 higher than the Stalking Horse Bid to be considered a "qualified bid."

8. The Committee objects to the Bid Procedures Motion to the extent any price allocation provided by the ultimate purchaser of the Debtors' assets is binding on other parties-in-interest. It is possible that issues may arise between various creditors as to the proper allocation of sale proceeds for the purpose of determining the extent and value of encumbrances (i.e., the value of encumbered versus unencumbered assets and, ultimately, proceeds). Therefore, the Committee requests that any order approving the Bid Procedures Motion expressly provide that any allocation of the purchase price to specific assets made by the ultimate purchaser shall not be binding on creditors and shall be without prejudice to creditors' rights to assert that alternative allocations should be applied by the Court for purposes of determining the extent and value of encumbrances on the Debtors' assets.

9. The Bid Procedures also contemplate a procedure whereby the Debtors' secured lenders must tender notice of an intent to exercise their credit bid right (if any). The Committee does not oppose a procedure whereby the secured lenders must tender such a notice, but opposes any finding or ruling that the secured lenders have such a right to credit bid. Rather, the Committee requests that any order approving the Bid Procedures Motion contain an express provision that such order shall not be construed as a determination as to whether the secured lenders possess a right to credit bid.

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT - Page 4**
DALLAS 2177006v.1

WHEREFORE, the Committee requests that the Bid Procedures Motion be approved only with the modifications contained herein and such other relief to which it may be justly entitled.

DATED: October 26, 2010

> Respectfully submitted,
>
> **GARDERE WYNNE SEWELL, LLP**
>
> /s/Richard M. Roberson
> Richard M. Roberson (TX 16993800)
> Holland Neff O'Neil (TX 14864700)
> Michael S. Haynes (TX 24050735)
> Andrew G. Spaniol (TX 24063012)
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201-4761
> Telephone: 214.999.3000
> Facsimile: 214.999-4667
>
> *Counsel to the Official Committee*
> *of Unsecured Creditors*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, on October 26, 2010, served a true and correct copy of the foregoing document via electronic mail on those receiving ECF notices in this case.

> /s/ Michael S. Haynes
> Michael S. Haynes

LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO (A) APPROVE THE PROCEDURES FOR THE SOLICITATION OF OFFERS; (B) APPROVE THE FORM AND MANNER OF NOTICE; (C) APPROVE PROCEDURES FOR DETERMINING CURE AMOUNTS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVE THE BID PROTECTIONS AND PROCEDURES; AND (E) APPROVE A BREAK-UP FEE IN CONNECTION WITH THE TRANSACTION CONTEMPLATED BY THE PURCHASE AGREEMENT - **Page 5**

DALLAS 2177006v.1