U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



The following constitutes the ruling of the court and has the force and effect therein described.

**United States Bankruptcy Judge**

Signed March 24, 2011

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 10-33565-SGJ |
| TRIDIMENSION ENERGY, L.P., *et al.* | § § | Chapter 11 |
| DEBTORS. | § § | Jointly Administered |

### ORDER (A) APPROVING (I) AMENDED DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR OBJECTION DEADLINE AND HEARING RELATING TO CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND THE CONFIRMATION OF THE PLAN

On March 23, 2011, the Court considered the *Motion for Entry of an Order (A) Approving (I) Disclosure Statement for the Joint Plan of Liquidation for the Debtors and (II) Related Notices; (B) Setting Dates for the Objection Deadline and Hearing Relating to the Confirmation of the Plan; and (C) Granting Other Relief Relating to Plan Solicitation and*

*Confirmation of the Plan* (the "<u>Disclosure Statement Motion</u>")[1] filed by the Debtors. The Court having determined that under the circumstances, the notice given of the hearing on the Disclosure Statement Motion and the objection deadline thereto complies with the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and having considered the *Amended Disclosure Statement for the Amended Joint Plan of Liquidation for the Debtors* [Docket No. 680] (as may be amended, modified, and supplemented, the "<u>Disclosure Statement</u>"), and the testimony, evidence, and representations regarding the Disclosure Statement Motion, the Court is of the opinion that (a) the relief requested in the Disclosure Statement Motion should be granted, (b) the Disclosure Statement, Notice of the Disclosure Statement Order, and Notice of Non-Voting Status should be approved, and (c) the Disclosure Statement and the *Amended Joint Plan of Liquidation for the Debtors* [Docket No. 678] (as amended, modified, and supplemented, the "<u>Plan</u>") should be submitted to the creditors for consideration and voting. Accordingly,

**IT IS HEREBY ORDERED, AND NOTICE IS HEREBY GIVEN, THAT:**

**Approval of Disclosure Statement, Notice of the Disclosure**
**<u>Statement Order, Notice of Non-Voting Status, and Pertinent Dates</u>**

1.      The Disclosure Statement is hereby approved as containing information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the Debtors and facts and circumstances of the Cases, that would enable a hypothetical reasonable investor typical of the holders of Claims entitled to vote to make an informed judgment regarding the Plan pursuant to 11 U.S.C. § 1125(a)(1). The Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125.

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Disclosure Statement Motion.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING <u>TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN</u>**

US 733197v.4

2.      The forms of Notice of Disclosure Statement Order and Notice of Non-Voting Status attached hereto as Exhibits "A" and "B" are hereby approved.

3.      To the extent not withdrawn, settled, or otherwise resolved, any objections to the Disclosure Statement or the Disclosure Statement Motion are overruled.

4.      The Debtors, the Senior Lien Agent and Committee, and their existing officers, directors, employees, attorneys, and financial advisors are hereby found to be acting in good faith and in compliance with the Bankruptcy Code in connection with the Solicitation of the Plan and therefore are entitled to the full protections of 11 U.S.C. § 1125(e).

5.      A hearing on the confirmation of the Plan shall be held before the Honorable Stacey G. C. Jernigan, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), on **April 28, 2011 at 9:30 a.m., prevailing Central time** (the "Confirmation Hearing").  The Confirmation Hearing may be adjourned from time to time by the Court without further notice other than an announcement made at the Confirmation Hearing or at any adjourned hearing thereon.

6.      **April 25, 2011 at 4:00 p.m., prevailing Central time** (the "Objection Deadline") is fixed as the last day for filing with the Court written objections to the confirmation of the Plan and for serving same by overnight mail, hand delivery, electronic mail, facsimile or U.S. Mail upon the Notice Parties at the following addresses or facsimile numbers so as to be actually received on or before the Objection Deadline:

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN** Page 3 of 13

US 733197v.4

*Counsel for the LP Debtors:*

William L. Wallander, SBT #20780750
Clayton T. Hufft, SBT #24056658
Beth Lloyd, SBT #24060179
Bradley R. Foxman, SBT #24065243
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214.220.7700
Fax: 214.220.7716
bwallander@velaw.com; chufft@velaw.com;
blloyd@velaw.com; bfoxman@velaw.com

*Counsel for the Committee:*

Richard M. Roberson, SBT #16993800
Michael S. Haynes, SBT #24050735
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Tel: 214.999.3000
Fax: 214.999.4667
rroberson@gardere.com; mhaynes@gardere.com

*Counsel for the GP Debtors:*

Peter Franklin, SBT #07378000
Erin K. Lovall, SBT #24032553
**FRANKLIN SKIERSKI LOVALL HAYWARD LLP**
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Tel: 972.755.7100
Fax: 972.755.7110
pfranklin@fslhlaw.com; elovall@fslhlaw.com

*Counsel for the First Lien Agent:*

Charles S. Kelley, SBT #11199580
Andres G. Romay, SBT #24060516
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Tel.: 713.238.3000
Fax: 713.238.2634
ckelley@mayerbrown.com; aromay@mayerbrown.com

*United States Trustee:*

Office of the United States Trustee
Attn: Nancy Resnick
Room 9C60, 1100 Commerce Street
Dallas, Texas 75242
Fax: 214.767.6530
nancy.s.resnick@usdoj.gov

7.     Any objection to confirmation of the Plan must be in writing and (a) must state the name and address of the objecting party and the amount of its Claim or the nature of its Equity Interest, (b) must state with particularity the basis and nature of its objection, and (c) conform to the Bankruptcy Rules.  Any confirmation objection not timely filed and served as set forth herein shall be deemed waived and overruled and shall not be considered by the Bankruptcy Court.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**

US 733197v.4

## Service of Solicitation Packages

8.      Classes 1 and 2 are unimpaired under the Plan and therefore not entitled to vote to accept or reject the Plan. Further, Classes 7 and 8 are impaired under the Plan but deemed to have rejected the Plan and therefore are not entitled to vote to accept or reject the Plan. Pursuant to Bankruptcy Rule 3017(d), on or before **March 28, 2011** (the "Mailing Deadline"), in lieu of a full Solicitation Package, the Debtors shall mail to the holders of Claims and/or Equity Interests in Classes 1, 2, 7 or 8, the following: (a) the Disclosure Statement with a copy of the Plan attached thereto as an exhibit (which may be provided by CD rather than hard copy) and (b) the Notice of Non-Voting Status setting forth (i) the subject Creditors' classification as either an Unimpaired Creditor in Class 1 or 2, or as an Impaired Creditor or Equity Interest Holder not entitled to vote in Class 7 or 8, (ii) the Objection Deadline, and (iii) the Confirmation Hearing Date.

9.      On or before the Mailing Deadline, the Debtors shall cause a Solicitation Package (as defined below) to be served upon (a) all holders of Claims in Classes 3, 4, 5, 6A and 6B; and (b) all parties in interest on the Debtors' Master Service List.[2] The Solicitation Package may be served as a hard copy or an electronic version on a CD. Copies of the Solicitation Package also may be obtained, at the Debtors' expense, by request to: TriDimension Energy, L.P., c/o BMC Group, PO Box 3020, Chanhassen, MN 55317-3020, Telephone: 888.909.0100. Copies of the Solicitation Package shall also be made available at the Solicitation Agent's website at www.bmcgroup.com/tridimension.

---

[2] Parties in interest on the Debtors' Master Service List not entitled to vote on the Plan will not receive a ballot with their Solicitation Package.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**          Page 5 of 13

US 733197v.4

10.     The "Solicitation Package" shall be comprised of the following: (a) cover letter describing the contents of the Solicitation Package; (b) a copy of this Order; (c) the Disclosure Statement with a copy of the Plan attached thereto as an exhibit (which may be provided by CD rather than hard copy); (d) the Notice of Disclosure Statement Order setting forth the Voting Deadline, the Objection Deadline, and the Confirmation Hearing Date; (e) an appropriate Ballot; and (f) a return addressed envelope.

11.     Service of the Solicitation Package shall be by first class United States mail, addressed to the party at the address listed in the request for notices or Proof of Claim, or, if none of the foregoing has been filed, at the address contained in the Debtors' books and records.

12.     The Debtor shall not be required to provide any part of the Solicitation Package to any Creditor (or alleged Creditor) who filed a Proof of Claim with the Court that subsequently was disallowed and/or who may allege it is the transferee of a Claim but has not filed a notice of transfer of Claim, to the extent required by Bankruptcy Rule 3001(e).

13.     The form and manner of notice approved in this Order is adequate, appropriate, and satisfies the requirements of due process, the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas, and Orders of this Court to the extent applicable to persons affected thereby, including with respect to due, proper and adequate notice of the Disclosure Statement, the deadline to object to the Plan, the deadline to vote to accept or reject the Plan and the date, time and place of the Confirmation Hearing.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**                    Page 6 of 13

US 733197v.4

14.     By enclosing a Ballot with the Solicitation Packages, the Debtors will not be deemed to have represented or admitted that a holder of a Claim is entitled to vote on the Plan. The Debtors specifically reserve the right to object to any Ballot submitted and such objection, if any, is specifically reserved for the Confirmation Hearing.

## Forms of Ballots, Voting and Ballot Return Date

15.     The Ballots substantially in the forms attached to hereto as <u>Exhibit "C"</u> are hereby approved.

16.     Each holder of a Claim within a Class of Claims entitled to vote to accept or reject the Plan is entitled to vote the amount of such Claim as is held as of March 23, 2011 (the "<u>Record Date</u>").  The period during which the Debtors may solicit acceptances for the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

17.     The deadline for receipt of Ballots evidencing the votes accepting or rejecting the Plan shall be **April 25, 2011, at 4:00 p.m., prevailing Central time,** (the "<u>Voting Deadline</u>"). Ballots shall be delivered to TriDimension Energy, L.P., c/o BMC Group, PO Box 3020, Chanhassen, MN 55317-3020 (if by U.S. Mail), or TriDimension Energy, L.P., c/o BMC Group, Claims Processing, 18750 Lake Drive East, Chanhassen, MN 55317 (if by messenger or overnight delivery).  Ballots must actually be received by the appropriate recipient on or before the Voting Deadline in order to be counted as valid votes.

18.     So as to avoid uncertainty and inconsistent results, the following procedures relating to the solicitation and tabulation of votes shall be utilized as indicated, unless otherwise ordered by the Court:

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**                    Page 7 of 13

US 733197v.4

a.    If any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Debtors and file with the Bankruptcy Court, on or before **April 11, 2011**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularly the amount and classification of which such party believes its Claim should be allowed for voting purposes, and the evidence in support of its belief.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before Confirmation or (b) if such an order has not been entered by Confirmation and unless the Debtors and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot, or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all.  Any hearing to consider 3018 Motions shall be held at or prior to the Confirmation Hearing.

b.    Whenever a creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots; provided, however, if a holder of Claims casts Ballots received by the Solicitation Agent on the same day, but which are voted inconsistently, such Ballots shall be counted as an acceptance of the Plan.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**          Page 8 of 13

US 733197v.4

c.    Creditors with multiple Claims within a particular class under the Plan, whether or not such Claims are asserted against the same Debtor or multiple Debtors, must vote all of their Claims within a class either to accept or reject the Plan and may not split their vote(s).  Notwithstanding the foregoing, a holder of Claims in more than one class under the Plan must submit Ballots for each class of Claims.  An individual Ballot that partially rejects and partially accepts the Plan shall be counted as an acceptance of the Plan.

d.    Subject to the 3018 Motion procedures set forth in paragraph 18(a):

i.    if a Claim is partially contingent, unliquidated, or disputed, such Claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at the liquidated, non-contingent, non-disputed amount of such Claim;

ii.    if a Claim is wholly contingent, unliquidated, or disputed, or if a Claim is the subject of a pending objection seeking disallowance of such Claim, such Claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

iii.    Claims subject to a pending objection to disallow the Claim on the basis that such Claim is amended by a later filed Claim, or is a duplicate of a Claim (whether against the same Debtor or a different Debtor) will not be entitled to vote and no ballots will be issued on account of such Claims; and

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**                    Page 9 of 13

US 733197v.4

iv. Claims subject to a pending objection that seeks to allow the Claim in a different classification or a different amount will be allowed to vote in accordance with the classification and amount set forth in the relief requested in such objection.

e. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected, unless otherwise provided herein or as ordered by the Bankruptcy Court:

i. any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan;

ii. any Ballot for a Claim that has been disallowed;

iii. any Ballot received after the Voting Deadline;

iv. any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

v. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

vi. any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN** Page 10 of 13

US 733197v.4

vii.     any Ballot on which the claimant or its representative did not use the authorized Ballot form, or a form of Ballot substantially similar to such authorized form;

viii.     any unsigned or non-original Ballot; and

ix.     any Ballot transmitted to the Solicitation Agent by facsimile or other electronic means.

19.     In addition, the following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.     After the Voting Deadline, no vote may be withdrawn or modified without further order from the Bankruptcy Court.

b.     Unless waived or as ordered by this Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, and unless otherwise ordered by this Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured.

20.     The procedures for the solicitation and tabulation of voting to accept or reject the Plan (as described above) provide for a fair and equitable voting process and are consistent with Bankruptcy Code § 1126.

21.     The Debtors and/or other parties in interest may seek further clarification from the Court on vote tabulation and the solicitation process, and retain the right to object or raise any issue with respect to any Ballot, including issues pertaining to impairment.

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**                    Page 11 of 13

US 733197v.4

22.     Any objections, comments or responses to the Plan not timely filed and served in accordance with the provisions of this Order shall be deemed waived.

23.     The Debtors are authorized to have the Disclosure Statement and Plan commercially printed and mailed, with such cost being billed and paid directly by the Debtors without any further notice, order or hearing.

24.     Prior to the Mailing Deadline, the Debtors may make final edits (consisting of correcting typographical and grammatical errors, making stylistic improvements, and adding revisions announced on the record at the hearing on the Disclosure Statement) to the Disclosure Statement and Plan, all notices to be served, and all versions of Ballots and all other notices, with such revisions to be filed with the Court which shall be deemed approved by this Order without further notice or hearing.

<u>**Approval of the Filing of the Plan Supplement**</u>

25.     The Debtors shall be authorized to file the Plan Supplement to the Plan no later than **April 14, 2011**.

### END OF ORDER ###

**ORDER (A) APPROVING AMENDED (I) DISCLOSURE STATEMENT FOR THE AMENDED JOINT PLAN OF LIQUIDATION FOR THE DEBTORS AND (II) RELATED NOTICES; (B) SETTING DATES FOR THE OBJECTION DEADLINE AND HEARING RELATING TO THE CONFIRMATION OF THE PLAN; AND (C) GRANTING OTHER RELIEF RELATING TO PLAN SOLICITATION AND CONFIRMATION OF THE PLAN**                    Page 12 of 13

US 733197v.4

Submitted By:

William L. Wallander, SBT #20780750
Clayton T. Hufft, SBT #24056658
Beth Lloyd, SBT #24060179
Bradley R. Foxman, SBT #24065243
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214.220.7700
Fax: 214.220.7716
bwallander@velaw.com; chufft@velaw.com;
blloyd@velaw.com; bfoxman@velaw.com

**COUNSEL FOR THE LP DEBTORS**


Peter Franklin, SBT #07378000
Erin K. Lovall, SBT #24032553
**FRANKLIN SKIERSKI LOVALL HAYWARD LLP**
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
Tel: 972.755.7100
Fax: 972.755.7110
pfranklin@fslhlaw.com; elovall@fslhlaw.com

**COUNSEL FOR THE GP DEBTORS**

## Exhibit A

[See Docket No. 685]

**<u>Exhibit B</u>**

[See Docket No. 686]

## **Exhibit C**

[See Docket No. 687]